UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL L. BUOSCIO, | ) | CASE NO. 5:10CV533 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| | ) | **MEMORANDUM OF OPINION** |
| BRIAN OBORN, | ) | **AND ORDER** |
| Defendant. | ) ) ) | |

On March 12, 2010, pro se Plaintiff Samuel L. Buoscio filed this complaint against Defendant Brian Oborn. For the reasons that follow, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).

The complaint purports to seek declaratory and injunctive relief. According to the complaint, Buoscio filed suit against Oborn in the Summit County Court of Common Pleas in May of 2006. Oborn then filed a counterclaim against Buoscio, alleging that Buoscio was a vexatious litigator pursuant to Ohio Revised Code § 2323.52. Buoscio apparently voluntarily dismissed his claim against Oborn. The counterclaim, however, remained pending. Oborn then sought default judgment on the counterclaim. In December of 2006, the state court found Buoscio to be a vexatious litigator.

Buoscio's complaint herein is a direct challenge to the state court decision. Buoscio asserts that numerous reasons justify a determination that the state court's judgment was in error. Buoscio's claims are not cognizable in federal court.

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Furthermore, a complaint may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

This Court does not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in effect would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

The Sixth Circuit has mandated use of a two-pronged inquiry when assessing whether Rooker-Feldman bars a particular claim or cause of action. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) overruled on other grounds as stated in *Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006); *see Tropf v. Fidelity National Title Insurance Co.,* 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a

conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293 (citation omitted). The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles*, 448 F.3d at 857-59. Second, the Rooker-Feldman doctrine bars a district court from exercising jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case, rather than a general constitutional challenge to the governing state law. *Id*.; *Tropf*, 289 F.3d at 937.

In *Bristow v. White*, 2010 WL 301762 (N.D.Ohio Jan. 19, 2010) a colleague on this Court adopted the reasoning stated n *Evans v. Cordray*, 2009 WL 2446888 (S.D.Ohio Aug, 7, 2009). In *Evans*, a divorce case, the court held that, under the Rooker-Feldman doctrine, a federal district court does not have jurisdiction over a suit brought by a party who has been declared a vexatious litigator in an Ohio state court and who seeks review of that determination or challenges the constitutionality of the statute as applied to him. *See also Petway v. Lucci*, 2007 WL 4299163, at *2 (N.D.Ohio Dec. 5, 2007) (pursuant to the Rooker-Feldman Doctrine, a United States District Court does not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional); *Rickels v. Cupp*, 2006 WL 2864364, at *3 (N.D.Ohio Oct. 4, 2006) (same). Like the *Evans* court, the court in *Bristow* dismissed the pending complaint.

Similar to the plaintiff in *Bristow*, Buoscio does not appear to be asserting a general constitutional challenge to Ohio's vexatious litigator statute. In any event, such a challenge would be futile as Revised Code § 2323.52 has been previously found to be constitutional by this district. *Grundstein v. Ohio*, 2006 WL 3499990 (N.D.Ohio Dec.5, 2006). As Buoscio seeks to

directly challenge the result of the state court judgment, pursuant to Rooker-Feldman, this Court lacks jurisdiction over his claim.

Accordingly, Plaintiff Samuel Buoscio's complaint is DISMISSED WITHOUT PREJUDICE under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: <u>April 12, 2010</u>     <u>*/s/ John R. Adams*</u>
                                Judge John R. Adams
                                UNITED STATES DISTRICT COURT